# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
06/29/2021
JEFFREY P. COLWELL, CLERK

Civil Action No. _____

Garret Goff

Plaintiff,

vs.

Universal Health Services (U.H.S. Inc) d.b.a. Cedar Springs Hospital

Defendants.

_____

## COMPLAINT AND DEMAND FOR TRIAL BY JURY
_____

COMES NOW Plaintiff Garret Goff, pro se for her cause of action against UHS Inc, Cedar Springs Hospital, Kathleen Nolan, Rn (Nursing Supervisor) Marilyn Lee, the Defendants, states and alleges as follows:

## NATURE OF THE CASE AND THE PARTIES

1. This is a civil action for damages and other relief against Defendants UHS Inc, Cedar Springs Hospital, Kathleen Nolan, Rn (Nursing Supervisor), Marilyn Lee, under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights) and under Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*., and under section 504, 29 U.S.C. § 794, in particular, as well as under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

2. Plaintiff Garrett Goff is a resident of El Paso Colorado.

3. Defendant UHS Inc, Cedar Springs Hospital ("Hospital") having its registered address at 2135 Southgate Rd, Colorado Springs CO 80906 is a body corporate and a political subdivision of the State of Colorado but is not an agency of the State government and is not subject to administrative direction or control by the regents or by any department, commission, board, bureau, or agency of the State. The mission of the Hospital is to operate as a teaching and research hospital providing comprehensive psychiatric disorder substance abuse, *inter alia*. The Hospital may sue or be sued pursuant to section 23-21-513, C.R.S.

4. Kathleen Nolan, Rn resident at _____ is a Nursing Supervisor of the Hospital.

5. Marilyn Lee is an employee of Hospital resident at _____.

## JURISDICTION AND VENUE

6. The parties to this action reside in and regularly do business within the jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

7. On or about _____ [date], Plaintiff filed timely charges of disability discrimination with the Denver District Office of the Equal Employment Opportunity Commission ("EEOC"). copies of which are attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

8. Plaintiff began employment as a registered Nurse with the Hospital and on or about March 16, 2020, was hired as an employee for the above-mentioned designation. At all material times Plaintiff performed his duties satisfactorily.

Plaintiff belongs to a protected class as being homosexual and is also suffering from a disability of Major Depressive Disorder and General Anxiety Disorder.

9. Plaintiff was on many incidents was harassed, discriminated and subject to unequal treatment compared similarly situated employees. On or around March 30, 2020, Supervisor, Kathleen Nolan told Plaintiff that I "take it from behind". Plaintiff immediately reported the incident to Hospital's Corporate Human Resources Department, but it refused to investigate; Thereafter, on or about ____[date] Plaintiff's coworker, Marilyn Lee, began speaking to Plaintiff in an exaggerated high-pitched tone of voice and on or about June 6, 2020, Marilyn Lee struck the Plaintiff in the head which resulted in multiple impairments and injuries. Immediately after this incident, Plaintiff complained to the Hospital's Human Recourse Department director Robert Troudt and Director of Nursing Jodi Mattson. However, both failed to take any actions against the Marilyn Lee for his misconduct and discrimination.

10. Plaintiff, on or about June 11, 2020, I took medical leave in order to treat the impairments and injuries caused by the incident on June 6, 2020. Plaintiff returned to work on or about June 25, 2020, and he was informed that the Hospital again refused to investigate the incident. Thereafter, Plaintiff, on or about June 26, 2020, notified the Hospital that he would be contacting local law enforcement to file acomplaint against Marilyn Lee, Kathleen Noble and the Hospital.

11. Defendant retaliated against the Plaintiff after such notice by discharging the Plaintiff from his duties and on or about June 26, 2020, and withheld Plaintiff's last paycheck of

## CLAIM FOR RELIEF
## COUNT I

**(Violation of the Rehabilitation Act)**

12. The Hospital is an entity that receives federal financial assistance and is a covered entity for purposes of § 504 of the Rehabilitation Act. As such, the Hospital is prohibited from discriminating against any "qualified individual with a disability."

13. Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability. Specifically, he was qualified to perform the essential functions required of a Registered Nurse .

14. Plaintiff's particular disability is Major Depressive Disorder and General Anxiety Disorder, which substantially limits one or more of his major life activities and/or major bodily functions.

15. The Hospital violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by failing/refusing to investigate the incident of discrimination on the basis of sexual orientation of the Plaintiff and terminating him in retaliation of his complaint.  As a result of the Hospital's actions, Plaintiff has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

16. Plaintiff is entitled to his and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

17. Plaintiff is further to any and all relief permitted under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*., including equitable relief.

## COUNT TWO
### (Violation of the Americans with Disabilities Act)

18. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he has Major Depressive Disorder and General Anxiety Disorder, the Hospital perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of a Registered Nurse, and either held or desired to hold a position as a Registered Nurse.

19. The Hospital is an "employer" within the meaning of 42 U.S.C. §§ 12111(5) in that it is engaged in an industry affecting commerce and has more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. § 12111(5).

20. Plaintiff was an employee of the Hospital within the meaning of 42 U.S.C. § 12111(4). On June 26, 2020, Plaintiff was terminated from his duties due in retaliation of his complaint made against unfair treatment and discrimination even when Plaintiff was perceived disable, 42 U.S.C. § 12112(a). Specifically, the Hospital's discriminatory actions included, but were not limited to (1) limiting, segregating, or classifying Plaintiff in a way that adversely affected his opportunities or status because of her actual or perceived disability within the meaning of § 12112(b)(1); (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (3) not taking reasonable steps for protection of Plaintiff for the known physical limitations of Plaintiff, despite the fact that doing so would not impose an undue hardship on the operation of the Hospital's business within the meaning of § 12112(b)(5)(A); (4) terminating employment of the Plaintiff

based on retaliation and after his known physical impairments within the meaning of § 12112(b)(5)(A).

21. Plaintiff has been damaged by the Hospital's violation of the ADA inasmuch as Plaintiff has been unable to use his education and training as a Registered Nurse and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

22. Plaintiff is entitled to her attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

23. Plaintiff is further to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT THREE
### (Violation Anti-Discrimination Act (CADA)

24. Plaintiff was harassed, discriminated and subject to unequal treatment compared similarly situated employees on the basis of sexual orientation for being homosexual and on the basis of his disability as he has Major Depressive Disorder and General Anxiety Disorder.

25. Hospital failed to take appropriate steps to investigate several incidents of discrimination reported by the Plaintiff contrary to the Anti-Discrimination Act and terminated his employment as a result of retaliation against his legitimate and legal complaint. Further, Hospital withheld his last paycheck.

26. Plaintiff has been damaged by the Hospital's violation of the Anti-Discrimination Act inasmuch as Plaintiff has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

27. Plaintiff is entitled to her attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

28. Plaintiff is further to any and all relief permitted under the Anti-Discrimination Act, including equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems just and proper.

Furthermore, Plaintiff specifically prays that Defendant be enjoined from failing or refusing to:

1) provide sufficient remedial relief to make whole Plaintiff for the losses he has suffered as a result of the discrimination against him as alleged in this Complaint, including: Termination of his employment on the basis of discrimination, unfair treatment, harassment by co-workers of Kathleen Nolan and Marilyn Lee.

2) Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

**JURY DEMAND**

Plaintiff further demands a trial by jury on all issues in this matter.

Dated 06/30/2021

Respectfully submitted,

_/s/ Garrett Goff_

Garrett Goff Signature.